IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY SMITH | : | |
| | : | |
| Plaintiff, | : | Case No. 2:21-cv-03898 |
| | : | |
| vs. | : | Judge Sarah D. Morrison |
| | : | |
| CITY OF NELSONVILLE, OHIO, et al. | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| Defendants. | : | |

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

**A.  The Sixth Circuit has upheld residency requirements for politicians.**

In *Akron v. Bell*, the Sixth Circuit Court of Appeals upheld a similar residency requirement for politicians. 660 F. 2nd 166 *7-9 (6th Cir.1981). The Court found that having politicians live in the communities in which they serve was constitutional. *Id.*

**B.  This Court should abstain from intervening in the upcoming hearing of the Nelsonville City Council.**

In essence, Plaintiff is attempting to prevent an adjudicatory body – the Nelsonville City Council – from considering his removal under its city charter. *See* Nelsonville City Charter, § 11.08(B)(1), PAGEID # 245 (providing for removal proceedings of city councilmembers). The *Younger* abstention doctrine is clear that federal courts should not interfere with various state proceedings. *E.g., Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431, 102 S.Ct. 2515 (1982). *See generally Younger v. Harris*, 401 U.S. 37, 45 (1971). Notably, the Sixth Circuit upheld *Younger* abstention when a plaintiff sought to enjoin a state medical licensing hearing. *Youssef v. Schuette*, 2019 U.S. App. LEXIS 27958, *6 (6th Cir.2019).

Here, because Plaintiff seeks to interfere with a state administrative hearing, the Court should exercise *Younger* abstention. *See Middlesex*; *Younger*. Further, Plaintiff's removal proceeding is ongoing – he filed the Motion for Temporary Restraining Order hours after the Defendants noticed the removal proceeding. *See Youssef*, 2019 U.S. App. LEXIS 27958, *6 (noting the plaintiff filed suit while licensing proceedings were ongoing). Second, Plaintiff's removal implicates a clear state interest in ensuring elected officials reside in the jurisdictions they represent. *See generally* R.C. 731.02; see *Loveless v. Cipher Bd. of Election,* 2004 U.S. Dist. LEXIS 18832 at *8-9 (providing "carpet bagging" is a rational basis for upholding a residency requirement for politicians) (N.D. Ill. 2004).

Finally, Plaintiff, who is not otherwise barred from doing so, has an adequate opportunity to raise his constitutional claims. *See* Nelsonville City Charter, § 11.08(F), PAGEID # 246 ("Council shall appoint a Special Prosecutor who shall prosecute the removal proceedings before the Council and any **reviews thereof by the Courts**.") (emphasis added). As such, *Younger* abstention is applicable. *See Youssef*.

Respectfully submitted,

/s/ Patrick Kasson  
Patrick Kasson (0055570)  
Kent Hushion (0099797)  
**REMINGER CO., L.P.A.**  
200 Civic Center Drive, Suite 800  
Columbus, Ohio 43215  
(614) 228-1311 - Telephone  
(614) 232-2410 - Fax  
pkasson@reminger.com  
*Counsel for Defendants, City of Nelsonville, Ohio, Tony Dunfee, Elizabeth Jones, Justin Booth, Carla Grant, Dan Sherman, Cory Taylor, Alex Mount and Chief of Police Scott Fitch*

## **CERTIFICATE OF SERVICE**

      I hereby certify a true and accurate copy of the foregoing document was served via the Court's electronic filing system and/or electronic mail on this 23rd day of August, 2021 upon:

Daniel H. Klos, Esq.
4591 Indianola Avenue
Columbus, Ohio 43214
klosdhesq@aol.com

*Counsel for Plaintiff*

                                  */s/ Patrick Kasson*
                                  Patrick Kasson (0055570)
                                  Kent Hushion (0099797)